DEPARTMENT OF THE CORPORATION COUNSEL

VICTORIA J. TAKAYESU        5481
Corporation Counsel
THOMAS KOLBE               7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaiʻi 96793
Telephone: (808) 270-7741
Facsimile: (808) 270-7152
Email: victoria.takayesu-hamilton@co.maui.hi.us;
        thomas.kolbe@co.maui.hi.us

McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN            3639-0
JORDAN K. INAFUKU          10392-0
SARA M. HAYDEN             11127-0
KAMRIE J. KOI              11528-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaiʻi  96813
Telephone:(808) 529-7300
Facsimile: (808) 524-8293
E-mail: djminkin@m4law.com; jinafuku@m4law.com;
        smh@m4law.com; kjk@m4law.com

Attorneys for Defendant/Cross-Claimant
COUNTY OF MAUI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERNETTE ASATO, an individual; ROBERT ASATO, an individual; KALEA ASATO, an individual; KAIOLA ELIZARES, an individual; and MYRTLE KANEMITSU, an individual, | CV 23-00528 JAO-BMK (Other Non-Motor Vehicle Tort – Maui Fire) |

#479382v2

| | |
|---|---|
| Plaintiffs,<br><br>vs.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., a Hawaiʻi corporation; HAWAIIAN ELECTRIC COMPANY, INC., a Hawaiʻi corporation; HAWAIʻI ELECTRIC LIGHT COMPANY, INC., a Hawaiʻi corporation; MAUI ELECTRIC COMPANY, LIMITED, a Hawaiʻi corporation; THE COUNTY OF MAUI, a municipal corporation; THE STATE OF HAWAIʻI; and DOES 1-100, inclusive,<br><br>Defendants. | **DEFENDANT/CROSS-CLAIMANT COUNTY OF MAUI'S ANSWER TO COMPLAINT, FILED OCTOBER 20, 2023; CROSS-CLAIM AGAINST HAWAIIAN ELECTRIC INDUSTRIES, INC.; HAWAIIAN ELECTRIC COMPANY, INC.; HAWAIʻI ELECTRIC LIGHT COMPANY, INC.; MAUI ELECTRIC COMPANY, LIMITED; AND ROES 1-50; CERTIFICATE OF SERVICE**<br><br>Trial:  None Set<br>Judge:  Hon. Jill A. Otake<br>　　　　Magistrate Judge Barry M. Kurren |

## DEFENDANT/CROSS-CLAIMANT COUNTY OF MAUI'S ANSWER TO COMPLAINT, FILED OCTOBER 20, 2023

Defendant/Cross-Claimant COUNTY OF MAUI ("***County***"), through its counsel, McCorriston Miller Mukai MacKinnon LLP, answers Plaintiffs ERNETTE ASATO, an individual; ROBERT ASATO, an individual; KALEA ASATO, an individual; KAIOLA ELIZARES, an individual; and MYRTLE KANEMITSU, an individual ("***Plaintiffs***") Complaint, filed October 20, 2023 in the Circuit Court of the Second Circuit, State of Hawaiʻi, ("***Complaint***"), and removed to the United States District Court for the District of Hawaii on December 5, 2023, as follows:

## I.     <u>INTRODUCTION</u>

1.      In response to Paragraph 1 of the Complaint, the County admits that multiple fires occurred on Maui, including in Lahaina, on August 8, 2023.  The County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.  Further, the image in Paragraph 1 speaks for itself, and the County denies any allegations inconsistent with such image.  The County denies all remaining allegations in Paragraph 1.

2.      In response to Paragraph 2 of the Complaint, the County admits the allegations asserted against Hawaiian Electric Industries, Inc., Hawaiian Electric Company, Inc., Hawaiʻi Electric Light Company, Inc., and Maui Electric Company, Limited (collectively, the "***Utility Defendants***") contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

3.      In response to Paragraph 3 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including

those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

4.      In response to Paragraph 4 of the Complaint, the County admits the Utility Defendants' electrical equipment ignited the Maui Fires.  The County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

5.      In response to Paragraph 5 of the Complaint, the County admits that the sirens were not activated.  The County denies the remaining allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

6.      In response to Paragraph 6 of the Complaint, the County admits it issued notifications through other channels.  The County denies the remaining allegations contained therein asserted against the County, including those calling

for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

7.      In response to Paragraph 7 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

## II.   PARTIES

### A.   Plaintiffs

8.      In response to Paragraph 8 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

9.      In response to Paragraph 9 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

10.     In response to Paragraph 10 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained therein and therefore denies the same.

11.    In response to Paragraph 11 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

12.    In response to Paragraph 12 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

**B.    <u>Defendants</u>**

13.    In response to Paragraph 13 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

14.    In response to Paragraph 14 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

15.    In response to Paragraph 15 of the Complaint, the County continues

its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

16.     In response to Paragraph 16 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

17.     In response to Paragraph 17 of the Complaint, the County states that the referenced term Utility Defendants (as that term is used in the Complaint) speaks for itself.  The County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

18.     In response to Paragraph 18 of the Complaint, the County admits that it is a municipal corporation chartered under the laws of the State of Hawaiʻi.  The County denies the remaining allegations contained therein, including those calling for legal conclusions.

19.     In response to Paragraph 19 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

20.     In response to Paragraph 20 of the Complaint, the County states that the referenced term "Public Entity Defendants" (as that term is used in the Complaint) speaks for itself.  The County denies the remaining allegations contained therein, including those calling for legal conclusions.

### C.      DOE Defendants

In response to the unnumbered Paragraph under Section II.C. on pages 5 through 6 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

### D.      Agency, Joint Venture, and Concert Action

21.     In response to Paragraph 21 of the Complaint, the County denies the allegations contained therein, including those calling for legal conclusions.

## III.      JURISDICTION

22.     In response to Paragraph 22 of the Complaint, the County states that the allegations call for legal conclusions for which no answer is required and, as such, the County denies those allegations.

23.     In response to Paragraph 23 of the Complaint, the County states that the allegations call for legal conclusions for which no answer is required and, as such, the County denies those allegations.

24.     In response to Paragraph 24 of the Complaint, the County states that the allegations call for legal conclusions for which no answer is required and, as

such, the County denies those allegations.

## IV.     <u>FACTUAL ALLEGATIONS</u>

### A. <u>The Lahaina Fire Destroyed Plaintiffs' Home and Made them Flee for their Lives</u>

25.     In response to Paragraph 25 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

26.     In response to Paragraph 26 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

27.     In response to Paragraph 27 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

28.     In response to Paragraph 28 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

29.     In response to Paragraph 29 of the Complaint, the County continues

its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

30.    In response to Paragraph 30 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

31.    In response to Paragraph 31 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

32.    In response to Paragraph 32 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

33.    In response to Paragraph 33 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

34.    In response to Paragraph 34 of the Complaint, the County continues

its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

35.    In response to Paragraph 35 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

36.    In response to Paragraph 36 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

**B.    <u>For Years, Wildfire Risk Steadily Increased on The Island of Maui</u>**

37.    In response to Paragraph 37 of the Complaint, the County admits that fires occurred on Maui on August 8, 2023.  The County denies the remaining allegations contained therein, including those calling for legal conclusions.

38.    In response to Paragraph 38 of the Complaint, the County admits that parts of Maui suffer from drought conditions and have experienced multiple fires over the last 20 years.  The County denies the remaining allegations contained therein, including those calling for legal conclusions.

39.    In response to Paragraph 39 of the Complaint, the County admits that

the Utility Defendants' electrical facilities sparked the Maui fires and that the

Utility Defendants failed to take actions that would keep the public safe.  The

County denies the allegations contained therein asserted against the County,

including those calling for legal conclusions.  The County is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

asserted against the remaining defendants and, on that basis, denies such

allegations, including those calling for legal conclusions.  The image in

Paragraph 39 speaks for itself, and the County denies any allegations inconsistent

with such image.

40.    In response to Paragraph 40 and footnote 1 of the Complaint, the

County states the 2020 Maui County Hazard Mitigation Plan ("***Hazard Mitigation***

***Plan***") and the referenced federal disaster declarations speak for themselves.  To

the extent the allegations in Paragraph 40, including those in footnote 1, are

inconsistent with the Hazard Mitigation Plan or the federal disaster declarations,

said allegations are denied on that basis.  The County denies the remaining

allegations, including those calling for legal conclusions.

41.    In response to Paragraph 41 and footnote 2 of the Complaint, the

County states that the Hazard Mitigation Plan speaks for itself.  To the extent the

allegations in Paragraph 41, including those in footnote 2, are inconsistent with the

Hazard Mitigation Plan, said allegations are denied on that basis.  Further, the

12

allegations are vague and ambiguous as to the term "critical facilities."

42.    In response to Paragraph 42 of the Complaint, the County states that the referenced lawsuit speaks for itself.  To the extent the allegations in Paragraph 42 are inconsistent with the referenced lawsuit, said allegations are denied on that basis, including those calling for legal conclusions.  The County denies the remaining allegations contained therein, including those calling for legal conclusions.

43.    In response to Paragraph 43 of the Complaint, the County states that the 2020 Complaint speaks for itself.  To the extent the allegations in Paragraph 43 are inconsistent with the 2020 Complaint, said allegations are denied on that basis, including those calling for legal conclusions.

44.    In response to Paragraph 44 and footnote 3 of the Complaint, the County states that the 2020 Complaint speaks for itself.  To the extent the allegations in Paragraph 44, including those in footnote 3, are inconsistent with the 2020 Complaint, said allegations are denied on that basis, including those calling for legal conclusions.

45.    In response to Paragraph 45 and footnote 4 of the Complaint, the County states the referenced quote and referenced article in footnote 4 speak for themselves.  To the extent the allegations in Paragraph 45, including those in footnote 4, are inconsistent with the referenced quote and referenced article in

footnote 4, said allegations are denied on that basis.  The County denies the remaining allegations contained therein, including those calling for legal conclusions.

46.    In response to Paragraph 46 and footnote 5 of the Complaint, the County states that the report on "Wildfire Prevention and Cost Recovery on Maui" (the "***Report***") speaks for itself.  To the extent the allegations in Paragraph 46, including those in footnote 5, are inconsistent with the Report, said allegations are denied on that basis.  The County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

47.    In response to Paragraph 47 and footnotes 6 and 7 of the Complaint, the County states that the slide presentation quoted therein and cited in footnote 6 and the article quoted therein and cited in footnote 7 speak for themselves.  To the extent the allegations in Paragraph 47, including those in footnotes 6 and 7, are inconsistent with the slide presentation quoted therein and cited in footnote 6 and the article quoted therein and cited in footnote 7, said allegations are denied on that basis.  The County denies the remaining allegations contained therein, including

those calling for legal conclusions.

48.    In response to Paragraph 48 and footnote 8 of the Complaint, the County states that the U.S. Drought Monitor speaks for itself.  To the extent the allegations in Paragraph 48 including those in footnote 8 are inconsistent with U.S. Drought Monitor, said allegations are denied on that basis.  The image in Paragraph 48 speaks for itself, and the County denies any allegations inconsistent with such image.

49.    In response to Paragraph 49 and footnotes 9 and 10 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies such allegations, including those calling for legal conclusions. The County states that the article referenced in footnote 9 and the Report quoted therein and cited in footnote 10 speak for themselves.  To the extent the allegations in Paragraph 49, including those in footnotes 9 and 10, are inconsistent with the article referenced in footnote 9 and the Report quoted therein and cited in footnote 10, said allegations, are denied on that basis.  The County denies the remaining allegations contained therein, including those calling for legal conclusions.

50.    In response to Paragraph 50 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including

those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

51.     In response to Paragraph 51 of the Complaint, the County states the images in Paragraph 51 speak for themselves, and the County denies any allegations inconsistent with such images.  The County denies the remaining allegations concerning the County contained therein, including those calling for legal conclusions.  The County admits the allegations contained therein concerning the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

C.     **"2018 Should Have Been a Wakeup Call"**

52.     In response to Paragraph 52 and footnote 11 of the Complaint, the County admits the August 8, 2023 fire was not the first fire in West Maui, that a fire occurred in 2018, and that the 2018 fire was extinguished.  The County states the referenced article in footnote 11 speaks for itself.  To the extent the allegations in Paragraph 52, including those in footnote 11, are inconsistent with the referenced article in footnote 11, said allegations are denied.  The County denies

16

the remaining allegations, including those calling for legal conclusions.

53.    In response to Paragraph 53 and footnote 12 of the Complaint, the County states Herman Andaya's statement regarding the 2018 fire speaks for itself. To the extent the allegations in Paragraph 53, including those in footnote 12, are inconsistent with the referenced statement, said allegations are denied, including those calling for legal conclusions.  The County denies the remaining allegations, including those calling for legal conclusions.

54.    In response to Paragraph 54 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County further admits that the sirens were not activated.  The County denies the remaining allegations, including those in footnote 13, contained therein, asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including those in footnote 13, asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

   **D.    The Utility Defendants Failed to Mitigate Know and Obvious Wildfire Risks**

55.    In response to Paragraph 55 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies such allegations, including

those calling for legal conclusions.

56.    In response to Paragraph 56 of the Complaint, including subparts (1) through (3), the County admits the allegations contained therein.

57.    In response to Paragraph 57 of the Complaint, the County admits the allegations contained therein.

58.    In response to Paragraph 58 of the Complaint, the County admits the allegations contained therein.

59.    In response to Paragraph 59 of the Complaint, the County admits the allegations contained therein.

60.    In response to Paragraph 60 and footnotes 14 and 15 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County states that the statement quoted therein, the referenced article in footnote 14, and the Report referenced therein and cited in footnote 15, speak for themselves.  To the extent that the allegations in Paragraph 60, including those in footnotes 14 and 15, are inconsistent with the referenced quotes, the referenced article in footnote 14, and the Report referenced therein and cited in footnote 15, said allegations are denied.

61.    In response to Paragraph 61 and footnote 16 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County states that the filing with the Hawaiʻi Public Utilities

18

Commission ("*HPUC*") quoted in Paragraph 61 and cited in footnote 16, speaks for itself. To the extent that the allegations in Paragraph 61, including those in footnote 16, are inconsistent with the HPUC filing quoted therein and cited in footnote 16, said allegations are denied. The County denies the remaining allegations contained therein, including those calling for legal conclusions.

62.     In response to Paragraph 62 and footnote 17 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein. The County states that the HPUC filing referenced in Paragraph 62 and cited in footnote 17, speaks for itself. To the extent that the allegations in Paragraph 62, including those in footnote 17, are inconsistent with the HPUC filing referenced therein and cited in footnote 17, said allegations are denied. The County denies the remaining allegations contained therein, including those calling for legal conclusions.

63.     In response to Paragraph 63 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies such allegations, including those calling for legal conclusions.

64.     In response to Paragraph 64 and footnote 18 of the Complaint, the County states the referenced article in footnote 18 speaks for itself. To the extent that the allegations in Paragraph 64, including those in footnote 18, are inconsistent

with the referenced article in footnote 18, said allegations are denied.  The County

continues its investigation and is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained therein and, on that basis,

denies such allegations, including those calling for legal conclusions.

  65. In response to Paragraph 65 and footnote 19 of the Complaint, the

County states that the statements issued by the Maui Emergency Management

Agency and National Weather Service and the article cited in footnote 19 speak for

themselves.  To the extent the allegations in Paragraph 65, including those in

footnote 19, are inconsistent with the statements issued by the Maui Emergency

Management Agency and National Weather Service and the article cited in

footnote 19, said allegations are denied, including those calling for legal

conclusions.  The County denies the remaining allegations contained therein,

including those calling for legal conclusions.

  66. In response to Paragraph 66 of the Complaint, the County continues

its investigation and is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained therein, and said allegations are

denied on that basis, including those calling for legal conclusions.

  67. In response to Paragraph 67 of the Complaint, the County continues

its investigation and is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained therein, and said allegations are

denied on that basis, including those calling for legal conclusions.

68.    In response to Paragraph 68 and footnote 20 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County states that the referenced quote in Paragraph 68 and cited in footnote 20, speaks for itself.  To the extent that the allegations in Paragraph 68, including those in footnote 20, are inconsistent with the quote referenced therein and cited in footnote 20, said allegations are denied.

69.    In response to Paragraph 69 and footnote 21 of the Complaint, the County admits that winds knocked the Utility Defendants' electrical lines to the ground igniting the brush near the road.  The County states that the eyewitness' video, photographs, and statements referenced therein and cited in footnote 21, speak for themselves.  To the extent that the allegations in Paragraph 69, including those in footnote 21, are inconsistent with the eyewitness' video, photographs, and statements referenced therein and cited in footnote 21, said allegations are denied. The County states that the images in Paragraph 69 speak for themselves, and the County denies any allegations inconsistent with such images.

70.    In response to Paragraph 70 of the Complaint, the County states that the eyewitness' statement speaks for itself.  To the extent that the allegations in Paragraph 70 are inconsistent with the eyewitness' statement, said allegations are denied.  The County denies the remaining allegations contained therein, including

those calling for legal conclusions.

71.     In response to Paragraph 71 of the Complaint, the County admits the allegations contained therein.

72.     In response to Paragraph 72 of the Complaint, the County admits the allegations contained therein.

73.     In response to Paragraph 73 and footnote 22 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County states that the referenced reports therein and the article cited in footnote 22 speak for themselves.  To the extent that the allegations in Paragraph 73, including those in footnote 22, are inconsistent with the referenced reports therein and the article cited in footnote 22, said allegations are denied.

74.     In response to Paragraph 74 of the Complaint, the County admits the allegations contained therein.

75.     In response to Paragraph 75 of the Complaint, the County admits the allegations contained therein.

76.     In response to Paragraph 76 of the Complaint, the County admits the allegations contained therein.

77.     In response to Paragraph 77 of the Complaint, the County admits the allegations contained therein.

78.     In response to Paragraph 78 of the Complaint, the County admits the

allegations contained therein.

79.     In response to Paragraph 79 of the Complaint, the County admits the allegations contained therein, including the News Release.  The County states that the referenced News Release speaks for itself.  To the extent the allegations contained in Paragraph 79 are inconsistent with the News Release, such allegations are denied.

E.     **The Public Entity Defendants Negligently Maintained their Property**

80.     In response to Paragraph 80 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

81.     In response to Paragraph 81 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

82.     In response to Paragraph 82 of the Complaint, the County denies the

allegations contained therein asserted against the County, including those calling for legal conclusions. The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

83. In response to Paragraph 83 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions. The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

## F. **The Public Entity Defendants Negligently Responded to the Maui Fires**

84. In response to Paragraph 84 of the Complaint, including those in subparts (1) through (5) the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions. The County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

85. In response to Paragraph 85 of the Complaint, the County denies the

24

allegations contained therein asserted against the County, including those calling for legal conclusions.  The County states that the images in Paragraph 85 speak for themselves, and the County denies any allegations inconsistent with such images.

86.     In response to Paragraph 86 and footnote 23 of the Complaint, the County admits it conducts part of the operation of the All-Hazard System ("**AHS**") in the County of Maui.  The County states that the statement quoted therein and the website cited in footnote 23 speak for themselves.  To the extent the allegations in Paragraph 86, including those in footnote 23, are inconsistent with the statement quoted therein and the website cited in footnote 23, said allegations are denied. The County denies the remaining allegations, including those in footnote 23, including those calling for legal conclusions.

87.     In response to Paragraph 87 of the Complaint, the County admits the State designed, constructed, and maintained AHS.  The County states that the remaining allegations call for legal conclusions for which no answer is required and, as such, the County denies those allegations.

88.     In response to Paragraph 88 of the Complaint, the County states that the quoted statement speaks for itself.  To the extent that the allegations in Paragraph 88 are inconsistent with the quoted statement, said allegations are denied on that basis.  The County is without knowledge concerning the referenced statement and who may have said it and therefore denies the allegation.  The

County denies the remaining allegations, including those calling for legal conclusions.

89.    In response to Paragraph 89 of the Complaint, the County states the quoted statement speaks for itself.  To the extent the allegations in Paragraph 89 are inconsistent with the statement, said allegations are denied on that basis.  The County is without knowledge concerning the referenced statement and who may have said it and therefore denies the allegation.  The County denies the remaining allegations, including those calling for legal conclusions.

90.    In response to Paragraph 90 and footnote 24 of the Complaint, the County states that Herman Andaya's statement quoted therein and the article cited in footnote 24 speak for themselves.  To the extent that the allegations in Paragraph 90, including those in footnote 24, are inconsistent with Herman Andaya's statement quoted therein and the article cited in footnote 24, said allegations are denied on that basis.  The County denies the remaining allegations, including those calling for legal conclusions.

91.    In response to Paragraph 91 of the Complaint, the County states that the quoted statements speak for themselves.  To the extent that the allegations in Paragraph 91 are inconsistent with the referenced statements, said allegations are denied on that basis.  The County denies the remaining allegations, including those calling for legal conclusions.

### i.      The Public Entity Defendants were Negligent by Keeping Alarms Silent

92.     In response to Paragraph 92 of the Complaint, the County admits that AHS is a different method of communicating an emergency to the Public.  The County denies the remaining allegations contained therein, including those calling for legal conclusions.

93.     In response to Paragraph 93 of the Complaint, the County denies the allegations contained therein, including those calling for legal conclusions.

94.     In response to Paragraph 94 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

95.     In response to Paragraph 95 and footnote 25 of the Complaint, the County states the statement quoted therein and the article cited in footnote 25 speak for themselves.  To the extent the allegations in Paragraph 95, including those in footnote 25, are inconsistent with the referenced quote therein and cited in footnote 25, said allegations are denied, including those calling for legal conclusions.

96.     In response to Paragraph 96 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

### ii. The Public Entity Defendants Negligently Implemented Warning System

97.     In response to Paragraph 97 of the Complaint, the County states that the allegations call for legal conclusions for which no answer is required and, as such, the County denies those allegations.

98.     In response to Paragraph 98 and footnote 26 of the Complaint, the County denies the allegations contained therein, including those in footnote 26, asserted against the County, including those calling for legal conclusions.  The County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations, including those in footnote 26, asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

99.     In response to Paragraph 99 of the Complaint, the County denies the allegations, including those calling for legal conclusions.

100.    In response to Paragraph 100 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining

defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

101.   In response to Paragraph 101 and footnote 27 of the Complaint, the County states that broadcasts through television, radio, and mobile phones were part of its emergency response.  The County denies the remaining allegations, including those in footnote 27, contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations, including those in footnote 27, asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

102.   In response to Paragraph 102 and footnote 28 of the Complaint, the County denies the allegations contained therein, including those in footnote 28, asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations, including those in footnote 28, asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

103.   In response to Paragraph 103 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient

to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

104.   In response to Paragraph 104 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

105.   In response to Paragraph 105 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

106.   In response to Paragraph 106 of the Complaint, the County admits the Maui Fires caused damage.  The County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.

The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

107.   In response to Paragraph 107 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies such allegations, including those calling for legal conclusions.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### NEGLIGENCE OF THE UTILITY DEFENDANTS

108.   In response to Paragraph 108 of the Complaint, the County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered and unnumbered paragraphs, subparts, and footnotes as if fully stated herein.

109.   In response to Paragraph 109 of the Complaint, the County admits the allegations contained therein.

110.   In response to Paragraph 110 of the Complaint, the County admits the allegations contained therein.

111.   In response to Paragraph 111 of the Complaint, the County admits the allegations contained therein.

112.   In response to Paragraph 112 of the Complaint, the County admits the

allegations contained therein.

113.   In response to Paragraph 113 of the Complaint, the County admits the allegations contained therein.

114.   In response to Paragraph 114 of the Complaint, the County admits the allegations contained therein.

115.   In response to Paragraph 115 of the Complaint, the County admits the allegations contained therein.

116.   In response to Paragraph 116 of the Complaint, the County admits the allegations contained therein.

117.   In response to Paragraph 117 of the Complaint, the County admits the allegations contained therein.

118.   In response to Paragraph 118 of the Complaint, including subparts (a) through (p), the County admits the allegations contained therein.

119.   In response to Paragraph 119 of the Complaint, the County admits the allegations contained therein.

120.   In response to Paragraph 120 of the Complaint, the County admits the allegations contained therein.

121.   In response to Paragraph 121 of the Complaint, the County admits the allegations contained therein.

122.   In response to Paragraph 122 of the Complaint, the County admits the

allegations contained therein related to the Utility Defendants. The County denies any remaining allegations, including any allegations concerning the County, including those calling for legal conclusions.

123. In response to Paragraph 123 of the Complaint, the County admits the allegations contained therein.

124. In response to Paragraph 124 of the Complaint, the County admits the allegations contained therein.

125. In response to Paragraph 125 of the Complaint, the County admits the allegations contained therein.

126. In response to Paragraph 126 of the Complaint, the County admits the allegations contained therein.

127. In response to Paragraph 127 of the Complaint, the County admits the allegations contained therein.

128. In response to Paragraph 128 of the Complaint, the County admits the allegations contained therein.

129. In response to Paragraph 129 of the Complaint, the County admits the allegations contained therein.

130. In response to Paragraph 130 of the Complaint, the County admits the allegations contained therein.

131. In response to Paragraph 131 of the Complaint, the County admits the

allegations contained therein.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE OF THE COUNTY & THE STATE**

132.   In response to Paragraph 132 of the Complaint, the County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered and unnumbered paragraphs, subparts, and footnotes as if fully stated herein.

133.   In response to Paragraph 133 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

134.   In response to Paragraph 134 of the Complaint, including those in subparts (a) through (e), the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

135.   In response to Paragraph 135 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling

for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

136.    In response to Paragraph 136 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

137.    In response to Paragraph 137 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

138.    In response to Paragraph 138 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining

defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

139.   In response to Paragraph 139 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

140.   In response to Paragraph 140 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

141.   In response to Paragraph 141 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

## THIRD CAUSE OF ACTION
## PREMISES LIABILITY – ALL DEFENDANTS

142.    In response to Paragraph 142 of the Complaint, the County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered and unnumbered paragraphs, subparts, and footnotes as if fully stated herein.

143.    In response to Paragraph 143 of the Complaint, the County admits the allegations contained therein.

144.    In response to Paragraph 144 of the Complaint, the County admits the allegations contained therein.

145.    In response to Paragraph 145 of the Complaint, the County admits the allegations contained therein.

146.    In response to Paragraph 146 of the Complaint, the County states that the allegations are vague and ambiguous as to the phrase "area of origin."  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

147.    In response to Paragraph 147 of the Complaint, the County states that the allegations call for legal conclusions for which no answer is required and, as

such, the County denies those allegations.

148.   In response to Paragraph 148 of the Complaint, the County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

149.   In response to Paragraph 149 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

150.   In response to Paragraph 150 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations,

including those calling for legal conclusions.

151.   In response to Paragraph 151 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

152.   In response to Paragraph 152 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

153.   In response to Paragraph 153 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted

against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

154.   In response to Paragraph 154 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

155.   In response to Paragraph 155 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

## FOURTH CAUSE OF ACTION
## PUBLIC NUISANCE – ALL DEFENDANTS

156.   In response to Paragraph 156 of the Complaint, the County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered and unnumbered paragraphs, subparts, and footnotes as if

fully stated herein.

157.   In response to Paragraph 157 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies such allegations, including those calling for legal conclusions.

158.   In response to Paragraph 158 of the Complaint, the County admits the allegations contained therein.

159.   In response to Paragraph 159 of the Complaint, the County admits the fire caused widespread devastation.  The County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies such allegations, including those calling for legal conclusions.  The County denies all other allegations asserted against the County, including those calling for legal conclusions.

160.   In response to Paragraph 160 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

161.   In response to Paragraph 161 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

162.   In response to Paragraph 162 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

163.   In response to Paragraph 163 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations,

including those calling for legal conclusions.

164.    In response to Paragraph 164 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

165.    In response to Paragraph 165 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

166.    In response to Paragraph 166 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted

against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

167. In response to Paragraph 167 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein. The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

168. In response to Paragraph 168 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein. The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions. The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

169. In response to Paragraph 169 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein. The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions. The County is without knowledge or

information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

170.   In response to Paragraph 170 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.

171.   In response to Paragraph 171 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

## FIFTH CAUSE OF ACTION
## PRIVATE NUISANCE – ALL DEFENDANTS

172.   In response to Paragraph 172 of the Complaint, the County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered and unnumbered paragraphs, subparts, and footnotes as if fully stated herein.

173.   In response to Paragraph 173 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including

those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

174.   In response to Paragraph 174 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

## SIXTH CAUSE OF ACTION
## TRESPASS – ALL DEFENDANTS

175.   In response to Paragraph 175 of the Complaint, the County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered and unnumbered paragraphs, subparts, and footnotes as if fully stated herein.

176.   In response to Paragraph 176 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies such allegations, including those calling for legal conclusions.

177.   In response to Paragraph 177 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

178.   In response to Paragraph 178 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

179.   In response to Paragraph 179 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations,

including those calling for legal conclusions.

180.   In response to Paragraph 180 of the Complaint, the County admits the allegations asserted against the Utility Defendants contained therein.  The County denies the allegations contained therein asserted against the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against the remaining defendants and, on that basis, denies such allegations, including those calling for legal conclusions.

## VI.   PRAYER FOR RELIEF

181.   The County denies the allegations contained in the "WHEREFORE" clause following Paragraph 181 of the Complaint.  Further answering, the County denies that Plaintiffs are entitled to any relief sought.

182.   In response to Paragraph 182 of the Complaint, the County admits the allegations contained therein.

183.   The County denies all allegations, statements, or comments set forth in headings or any unnumbered paragraphs of the Complaint.

184.   Each and every allegation not heretofore specifically answered is denied.

## AFFIRMATIVE DEFENSES

1.   The Complaint, and each purported claim alleged therein, fails to state

48

a claim against the County upon which relief can be granted.

2.    The County alleges that Plaintiffs lack standing to prosecute the purported claims set forth in the Complaint.

3.    Plaintiffs' injuries or damages, if any, were caused in whole or in part, or were contributed to by other negligence or fault.

4.    Plaintiffs' recovery, if any, should be reduced, by reason that other acts or omissions, not of the County, caused and/or contributed to the damages and/or injuries, if any, alleged in the Complaint.

5.    Failure to mitigate, if any.

6.    The County owes no duty to the Plaintiffs.

7.    The County did not breach any duty to Plaintiffs.

8.    The County alleges that the damages alleged to have been suffered by the Plaintiffs in the Complaint were proximately caused or contributed to by acts or failures to act of persons other than this answering Defendant, which acts or failures to act constitute an intervening and superseding cause of the damages alleged in the Complaint.

9.    Plaintiffs are barred from maintaining this action against the County based upon the doctrine of laches, waiver, estoppel, and/or unclean hands.

10.    Plaintiffs' claims are barred by the Hawai'i Emergency Management

Act, Hawai'i Revised Statute section 127A-9.[1]

11.    Plaintiffs' claims are barred because of failure to comply with Hawai'i Revised Statutes section 46-72 and Maui County Charter section 13-6 and/or barred by the Statute of Limitations.

12.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of the County's Answer, and, therefore the County gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it intends to allege those defenses of which it may become aware during the course of discovery or trial of this action.

WHEREFORE, the County prays for relief as follows:

1.    That Plaintiffs take nothing by this action;

2.    That judgment be entered against Plaintiffs and in favor of the County;

3.    That the County be awarded its costs incurred in this action, including

---

[1] *See Dyniewicz v. Hawaii County*, 6 Haw.App. 582 (1987).  The County – including all its officials, officers, and employees – is immune from any liability arising from actions taken in response to an emergency or disaster situation.  Such immunity should be broadly construed as to the County's emergency response because a state of emergency imposes severe time constraints, forcing decisions to be made quickly.  In situations in which the County must take steps necessary to quell an emergency, it must be able to act with speed and confidence, unhampered by fear of tort liability.

where applicable under the law, reasonable attorneys' fees; and

4.  That this Court grant such other relief as the Court deems just and

proper.

DATED:  Honolulu, Hawaiʻi, December 8, 2023.

/s/ *David J. Minkin*
VICTORIA J. TAKAYESU
THOMAS KOLBE
DAVID J. MINKIN
JORDAN K. INAFUKU
SARA M. HAYDEN
KAMRIE J. KOI

Attorneys for Defendant/Cross-Claimant
COUNTY OF MAUI